**EQUAL EMPLOYMENT OPPORTU-
NITY COMMISSION, Plaintiff,**

v.

**McLEAN TRUCKING COMPANY et al.,
Defendants.**

**No. C–72–313.**

United States District Court,
W. D. Tennessee, W. D.
Jan. 18, 1974.

Anne T. Welsh, Atty., A. C. Wharton, Jr., E.E.O.C., Washington, D. C., for plaintiff.

John Paul Jones, Memphis, Tenn., for McLean Trucking Co.

Howard R. Paul, Memphis, Tenn., for Teamsters Local 667.

L. N. D. Wells, Jr., Dallas, Tex., for Teamsters and Southern Conference.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

WELLFORD, District Judge.

This cause came on to be heard upon the Motion to Dismiss, and Motion for Summary Judgment, thrice supplemented, of defendant McLean Trucking Company, the affidavits attached thereto, and the Motion to Dismiss of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers, of America. The court, having considered the record of this case and having heard oral argument, now enters the following opinion and order.

On September 21, 1970, Allen Brown, Jr., a Black city driver employed by McLean at its Memphis Terminal, filed a charge with the Commission, alleging that McLean's "no transfer rule" discriminated against him and other Black city drivers. Thereafter, while his charge was pending with the Commission, McLean permitted Brown to attend its driver-training school, the completion of which McLean maintains as a prerequisite for transfer to a road position. After two weeks' attendance, Brown dropped out of the school.

The Commission subsequently served a copy of Brown's charge on McLean on January 26, 1971. On April 4, 1971, the Commission's Memphis District Director issued Findings of Fact in relation to the Brown charge.

On June 14, 1971, Brown filed a grievance, pursuant to the collective bargaining agreement between McLean and Local 667 of the International Brotherhood of Teamsters, requesting that he be given immediate placement on the road, board and back pay. On July 22, 1971, his grievance was heard and an award was entered granting him the opportunity to complete McLean's driver training school and await future employment as a road driver without back pay.

Before proceeding with his grievance, Brown requested that his charge with

the Commission be withdrawn. The Commission, pursuant to Section 1601.9 of its Procedural Regulations, 29 C.F.R. 1601.9, declined to allow withdrawal [1] and on March 6, 1972, entered a decision finding reasonable cause to believe, based on the Brown charge, that McLean's transfer practices were in violation of Title VII. McLean refused to conciliate with the Commission (on other than the Brown charge).

On September 14, 1972, the Commission filed the present action against McLean Trucking Company; International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, Local 667; Southern Conference of Teamsters of America; International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America.[2] None of these union defendants had been named by Allen Brown in his charge with the Commission.

On October 19, 1973, Judge McRae of the Western District of Tennessee denied the maintenance of a class action in another suit originally brought by Allen Brown, Jr., against McLean Trucking Company. Civil No. 72–234. The court had previously approved a compromise settlement and dismissed that action.

There is also presently pending in this court the case of Johnson, et al. v. McLean Trucking, et al., Civil No. 73–459 (W.D.Tenn.) asserting class action rights on substantially the same basis as Brown and E.E.O.C. have asserted.

### Conclusions of Law

I. The court has jurisdiction of the parties and the subject matter of this cause of action pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e–5(f)(1) and (3) and 28 U.S.C. §§ 1343 and 1345.

II. Defendant McLean Trucking Company is an employer engaged in an industry affecting commerce within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e.

III. Defendant unions, Local 667, Southern Conference and International Brotherhood of Teamsters are each a labor organization engaged in an industry affecting commerce within the meaning of Section 701(d) of Title VII, 42 U.S.C. § 2000e.

IV. Allen Brown, Jr., by voluntarily submitting his claim of employment discrimination to the grievance procedure and receiving the benefit thereof, was barred and precluded subsequently from seeking further and additional relief. Dewey v. Reynolds Metals Company, 429 F.2d 324 (6th Cir. 1970), affirmed by a divided court, 402 U.S. 689, 91 S.Ct. 2186, 29 L.Ed.2d 267.[3] The fact that Brown's grievance panel was empowered to consider issues of racial discrimination distinguishes this case from Newman v. Avco, note 3, *supra*, where the arbitrator lacked such authority.

V. The bar of Brown's further action precludes the Commission from pursuing a lawsuit based on his charge alone, notwithstanding that the Commission declined Brown's request to withdraw his charge. Both Brown and the E.E.O.C. should be estopped from proceeding in this cause under the circumstances. Brown's award should be final and binding.

VI. Since the three defendant unions were not named in the original

---

1. 29 C.F.R. 1601.9 reads as follows:
   "Withdrawal of a charge by an aggrieved person. A charge filed by an aggrieved person may be withdrawn only with the consent of the Commission."

2. By amendment to its complaint, the Commission identified Allen Brown's charge as the basis for its lawsuit.

3. See Newman v. Avco Corp.–Aerospace St. Div., Nashville, Tenn., 451 F.2d 743, 746–747, Note 1 (6th Cir. 1971).

charge filed by Mr. Brown with the Commission on September 21, 1970, or by any charge of any other employee of McLean prior to the filing of this suit, the plaintiff has not satisfied the necessary statutory prerequisites of 706(b) and 706(f)(1). Neither did E.E.O.C. have a valid and subsisting charge on which to base this suit when filed.

■ VII. The union defendants are indispensable parties, necessary to the resolution of this lawsuit under the standards of Rule 19.

■ VIII. Upon timely application and the granting of the court's permission, the E.E.O.C. has the statutory authority to intervene in a civil action (such as Johnson v. McLean Trucking, Civil No. 73–459); provided that the E.E.O.C. certifies that the case is of general public importance. 42 U.S.C. § 2000e–5(f)(1).

It is ordered that the Motions for Summary Judgment and Motion to Dismiss of defendant McLean Trucking Company are sustained;

It is further ordered that the Motion to Dismiss of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America and the Southern Conference of Teamsters of America is sustained and for identical reason the court, on its own motion, dismisses as to Local 667, International Brotherhood of Teamsters, Chauffeurs, Warehousemen, and Helpers of America.

It is further ordered that the discovery taken herein under Rules 26 through 37 of the Federal Rules of Civil Procedure shall be available to the parties herein for their use in any pending or future suit which is based in part or entirely on the facts alleged in the Amended Complaint herein;

It is further ordered that jurisdiction of this action is retained by the court pending solely on the final action on defendant McLean's Motion for Sanctions, etc., and the taxation of costs herein under Rule 54, F.R.C.P.

This Order is without prejudice to the plaintiff with respect to other proceedings even if based in part on the facts alleged in the Amended Complaint herein based on any valid charge pending before the Commission as to any defendant herein.